UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Marvyn Murdock,<br><br>                Plaintiff,<br>v.<br><br>Stamford Collection Bureau, Inc.,<br><br>                Defendant. | Civil Action No.: 3:09cv 818 (JCH)<br><br>**309CV00818 JCH**<br><br>COMPLAINT |

For this Complaint, the Plaintiff, Marvyn Murdock, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, Marvyn Murdock (hereafter "Marvyn"), is an adult individual residing at 15 Euclid Avenue, Unit C, Stamford, CT 06902, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Plaintiff, Wendie Murdock (hereafter "Wendie" and together with Marvyn, the "Plaintiffs"), is an adult individual residing at 1641 Metropolitan Avenue, Apt 6D, Bronx, New

York 10462, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Stamford Collection Bureau, Inc. (hereafter "Defendant"), is corporation with a principal place of business at 20 Summer Street, Stamford, CT 06901, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

7. Plaintiff, Marvyn Murdock, incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Marvyn Murdock.

9. The Defendant then began attempts to collect this debt from the Plaintiffs, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

10. The Defendant contacted Wendie Murdock on April 16, 2009, and, without attempting to confirm or correct the location information for Marvyn Murdock, made threats to damage her credit.

11. Wendie Murdock was not a principal or a co-signer of the debt.

12. The Defendant repeatedly contacted Wendie Murdock several days per week, was rude and abusive on the telephone, and demanded that she make payments on the debt.

13. Marvyn Murdock specifically requested that the Defendant cease contacting his mother but the Defendant ignored all requests and continued to contact Wendie Murdock with respect to the debt.

14. Thereafter, the Defendant contacted Marvyn Murdock at his place of employment.

15. Marvyn Murdock's employer specifically prohibits such communications and Marvyn informed the Defendant of this fact.

16. Nevertheless, the Defendant contacted Marvyn Murdock at his place of employment again.

17. Marvyn Murdock then sent the Defendant a letter requesting that he cease calling both himself and his mother.

18. The Defendant did not comply with his request, and continued contacting the Plaintiffs.

19. Marvyn Murdock continually disputed the amount of the debt, but the Defendant failed to report this.

20. The Defendant requested, on more than one occasion, that the Plaintiffs send in post-dated checks.

21. On May 2, 2009, Marvyn Murdock received a letter from the Defendant dated April 20, 2009.

22. The April 30, 2009, letter threatened, "A search for assets and/or employment will ensue," and further threatened future legal action and additional costs.

23. When Marvyn Murdock spoke with the Defendant's debt collector, identified as "Barry Thomas," he was threatened with garnishment of his wages.

24. "Barry Thomas" was rude and abusive on the telephone, hanging up on Marvyn Murdock on several occasions, and repeatedly threatening him.

25. The Plaintiffs have suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

26. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendant contacted third parties and failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

28. The Defendant contacted third parties in regards to Marvyn Murdock's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

29. The Defendant contacted Marvyn Murdock at his place of employment, knowing that his employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

30. The Defendant communicated with individuals other than Marvyn Murdock, his attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

31. The Defendant contacted the Plaintiffs after having received written notification from the Plaintiffs to cease communication, in violation of 15 U.S.C. § 1692c(c).

32. The Defendant used profane and abusive language when speaking with the Plaintiffs, in violation of 15 U.S.C. § 1692d(2).

33. The Defendant caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

34. The Defendant threatened Marvyn Murdock with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

35. The Defendant threatened Marvyn Murdock with attachment of his property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

36. The Defendant threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

37. The Defendant threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

38. The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

39. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

40. The Plaintiffs are entitled to damages as a result of Defendant's violations.

## COUNT II
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

41. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

43. Connecticut further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Connecticut state law.

44. Defendant intentionally intruded upon the Plaintiffs' right to privacy by continually harassing Plaintiffs with phone calls and threats.

45. The telephone calls made by Defendant to Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff[s]," and, "a substantial burden to [their] existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

46. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

47. As a result of the intrusions and invasions, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

48. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT III

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, *et seq.*

49. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The Defendant is a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

51. The Defendant engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

52. The Plaintiffs are entitled to damages as a result of the Defendant's violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiffs;

6. Punitive damage; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 12, 2009

                                    Respectfully submitted,

                                    By _____

                                    Sergei Lemberg
                                    LEMBERG & ASSOCIATES L.L.C.
                                    1100 Summer Street, 3rd Floor
                                    Stamford, CT 06905
                                    Telephone: (203) 653-2250
                                    Facsimile: (877) 795-3666
                                    Attorneys for Plaintiffs